# United States District Court
# Northern District of Illinois
# Eastern Division
# Chicago, IL  60604

|  |  |
|---|---|
| ) | TLMS  **RECEIVED** |
| AHSAN SALIM          ) | Court Case No.:   08C3629   **JUNE 25, 2008** |
| v.                          ) | MICHAEL W. DOBBINS |
| THE CITY OF CHICAGO, et al.   ) | CLERK, U.S. DISTRICT COURT |
| ) | Judge:   Andersen |
| ) | Mag:   Mason |

# Complaint Cover Page

IN THE COURT OF THE UNITED STATES OF AMERICA · STATE OF ILLINOIS · NORTHERN DISTRICT EASTERN DIVISION · DIRKSEN FEDERAL BUILDING 219 S. DEARBORN St. CHICAGO ILLINOIS · 60604

STATE OF ILLINOIS ) SS: 28 USC § 1746 · 735 ILCS 5/1-109 AND 28 USC § 1651 et seq.
COUNTY OF DU PAGE )

AHSAN SALIM, PRO SE PLAINTIFF,
et al, JAIL I.R. # ▓▓▓▓ # 188876

VS.

THE CITY OF CHICAGO and; THE CHICAGO POLICE DEPT. AT 3300 S. KEDZIE, JOHN AND JANE doe POLICE OFFICERS AND ALSO; PRIVATE PERSONS IDENTIFIED AS THE "ROSI" P FAMILY, et. al, DEFENDANTS,

CASE NO: #
("TO BE SUPPLIED BY U.S. DIST COURT CLERK")
(" JURY DEMAND REQUESTED ")

RECEIVED
Jun 25, 2008
JUN 25 2008
JUN 25 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JUDGE ANDERSEN
MAGISTRATE JUDGE MASON

08C 3629

PRO SE CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983 et al

NOW COMES PRO SE PLAINTIFF MR. AHSAN SALIM, et al, ON OWN BEHALF WITHOUT BENEFIT OF COUNSEL COMPLAINING AGAINST DEFENDANTS " THE CITY OF CHICAGO AND THE CHICAGO POLICE DEPT. AT 3300 S. KEDZIE, JOHN AND JANE doe POLICE OFFICERS AND ALSO; PRIVATE PERSONS IDENTIFIED AS THE "ROSI" P FAMILY, et al, DEFENDANTS, STATES AS FOLLOWS:

JURISDICTION

1. THE JURISDICTION OF THIS COURT IS INVOKED PURSUANT TO THE CIVIL RIGHTS ACT, 42 USC § 1983, THE JUDICIAL CODE, 28 U.S.C. § 1331, THE CONSTITUTION OF THE UNITED STATES AND THE SUPPLEMENTAL JURISDICTION OF THIS COURT AS CODIFIED IN 28 U.S.C. § 1367 (a).

VENUE

2. VENUE IS APPROPRIATE IN THE NORTHERN DISTRICT OF ILLINOIS PURSUANT TO 28 USC § 1391, AS AT LEAST ONE OF THE DEFENDANTS RESIDES IN DUPAGE COUNTY JAIL LOCATED IN THIS DISTRICT, OR IN THE CITY OF CHICAGO ILLINOIS TOO.

PARTIES

3. THE PLAINTIFF, AHSAN SALIM, IS, AND AT ALL RELEVANT TIMES MATERIAL TO THIS PRO SE COMPLAINT WAS, A CITIZEN OF THE STATE OF ILLINOIS AND THE UNITED STATES. PLAINTIFF IS CURRENTLY INCARCERATED IN THE DUPAGE COUNTY JAIL.

4. THE DEFENDANTS, THE CITY OF CHICAGO, ILLINOIS IS A MUNICIPAL CORPORATION, DULY ORGANIZED UNDER THE LAWS OF THE STATE OF ILLINOIS AND WAS AT ALL TIMES MATERIAL TO THIS ACTION THE EMPLOYERS OF THE JOHN AND JANE doe CHICAGO POLICE OFFICERS, POLICE DEPT. AT 3300 S. KEDZIE CHICAGO, ILLINOIS.

5. THE DEFENDANTS, JOHN AND JANE doe CHICAGO POLICE OFFICIALS, WERE AT ALL TIMES MATERIAL TO THIS PRO SE COMPLAINT EMPLOYED BY THE CITY OF CHICAGO POLICE DEPT. AT 3300 S. KEDZIE CHICAGO ILLINOIS, UNKNOWN POLICE OFFICERS JOHN AND JANE DOES WERE ACTING UNDER THE COLOR OF STATE LAW AT ALL TIMES RELEVANT TO THIS PRO SE COMPLAINT.

6. The Defendants, the "Rosi" family John and Jane Does were at all relevant times material to this pro se complaint private persons or individuals residing in the State of Illinois, within the United States of America at the City of Chicago and pursuant to 42 U.S.C. § 1985 et seq or 720 ILCS 5/31-4 et seq co-conspirators with the above persons to deny civil rights of Ahsan Salim and his brother. Thus through a meeting of the minds obstructed the due course of justice, where via a tacit agreement caused, allowed, threatened, intimidated, falsified, engaged, elicited and or promulgated a custom, policy, practice, or procedure to deny equal protection of the laws, and to discriminate against Ahsan Salim based on his race, gender, and profile as a male Pakistani national and caused Ahsan Salim and his brother to be falsely arrested, and detained and falsely accused of felony offenses of child molestation or sexual assaulting Rosi children when all they did was go to get their two dogs from the Rosi family who tried to keep or steal Salim's two dogs with John Doe police officers.

FACTUAL ALLEGATIONS

7. On or about March or April of 2008, the plaintiff, Ahsan Salim and his brother went to the above "Rosi" family's home to pick up their two dogs ("Snoopy Von Salim - A Cocker Spaniel") and; ("Lexi Salim - A Shitzu").

8. The Rosi children decided they wanted to keep Salim's dogs and children's mother would not give Salim's dogs back to him.

9. Salim went and called Chicago Police from Salim's own brothers cell phone 45 minutes later Chicago Police from police station at 3300 S. Kedzie City of Chicago arrived at scene outside of the Rosi dwelling or home etc.

10. After police spoke to Rosi family the mother told police to arrest Ahsan Salim and Salim's brother for molesting the Rosi children? The police placed both Ahsan Salim and Salim's own brother in handcuffs and read them both their Miranda rights and detained Ahsan Salim and Salim's own brother so they were not free to leave.

11. The police threatened Salim & Salim's own brother with child molestation charges and called them names etc. slandering the Salim's. Afterward Ahsan Salim told police to view video tape and they would see that Salim nor his own brother had done any such offense at all. At this point the "Rosi" mother said she did not wish to pursue charges any longer. And Salim and Salim's own brother were released. But the "Rosi" family kept both dogs and the police told Salim to file a civil suit to get the dogs back etc. so that is also another reason for filing this action. The Salim's in addition to above claims would like both of their dogs ("Snoopy Von Salim and Lexi Salim) to be returned A.S.A.P. As these dogs are actual members of the Salim family."

12. The defendants may retaliate against the plaintiff ("Ahsan Salim or plaintiff's own brother" i.e. - Ahmed Salim") because he has filed this complaint against the Chicago Police Department, the plaintiff anticipated that police may charge or attempt to re-charge by indictment information or complaint the original felony or misdemeanor charges of a sexual nature against Ahsan Salim or his own brother Ahmed Salim which were not filed against them originally. Because the Salim's

INVITED THE POLICE TO VIEW VIDEO TAPE FROM A LOCAL (CHICAGO BASED) VIDEO SURVEILLANCE OR SECURITY CAMERA AND WHEN THE ROSI MOTHER HEARD SALIM'S SAY THIS TO POLICE "SHE TOLD POLICE THAT SHE (THE ROSI MOTHER) NO LONGER WANTED TO PURSUE CHARGES AGAINST THE SALIM, ALL OF A SUDDEN." THEREFORE AHSAN SALIM MAKES THE FOLLOWING DECLARATORY SWORN STATEMENTS PURSUANT TO 28 U.S.C. §1746 UNDER PENALTY OF PERJURY, TO WIT:

13. THAT ALL OF THE ABOVE STATEMENTS ARE TRUE AND CORRECT IN SUBSTANCE AND IN FACT, THAT HE AHSAN SALIM NOR SALIM'S OWN BROTHER AHMED SALIM COMMITTED OR ATTEMPTED TO COMMIT "ANY" TYPE OF SEXUAL BASED OFFENSES AGAINST "ANY" MEMBERS OR CHILDREN AT OR OF THE "ROSI" HOUSEHOLD OR FAMILY MEMBERS AT ALL OR AT ANY TIME "DID NOT" TOUCH, FONDLE, ASSAULT OR MAKE ANY TYPE OF AGGRAVATED OR CRIMINAL OR PREDATORY SEXUAL FELONIOUS NOR MISDEMEANOR GESTURES OF "ANY" SEXUAL, VIOLENT OR CRIMINAL NATURE AGAINST ANY CHILD, ADULT OR PERSON OR ANIMAL ON THE DAY IN QUESTION ABOVE REGARDING THE ABOVE DESCRIBED INCIDENTS HEREIN DESCRIBED AT ANY TIME. THEREFORE, THE PLAINTIFF AHSAN SALIM REQUEST'S THAT HE WOULD BE ALLOWED TO RECEIVE THE FOLLOWING PROTECTIONS AND BE GRANTED THE FOLLOWING PRELIMINARY PROTECTIONS TO WIT:

(a) AHSAN SALIM REQUESTS THAT THIS HONORABLE COURT WOULD ALLOW HIM TO BE APPOINTED COUNSEL TO HELP HIM CONDUCT LIMITED DISCOVERY TO SECURE AND PRESERVE EVIDENCE THAT WILL "NEGATE GUILT" ("PURSUANT TO ILLINOIS SUPREME COURT RULES 415, 412 (C), AND 615 (A) OR F.R.A.P. ETC.") PURSUANT TO JENCKS V. UNITED STATES 353 U.S. 657, 1 L.Ed. 2d 1103, 77 S.Ct. 1007 (1957); BRADY V. MARYLAND, 373 U.S. 83, 10 L.Ed. 2d 215, 83 S.Ct. 1194 (1963); ROVIARIO V. UNITED STATES, 353 U.S. 53, 60 & 61, 1 L.Ed. 2d 639, 644, 645, 77 S.Ct. 623, KYLES V. WHITELY, 514 U.S. 419 ON REMAND 54 F.3d 243 (1995); HAINES V. KERNER, 404 U.S. 519, (1972) REH'S DENIED 405 U.S. 948 (1972); BOUNDS V. SMITH, 430 U.S. 817 ( ), ESCOBEDO V. ILLINOIS, 378 U.S. 478 (1964), MIRANDA V. ARIZONA, 384 U.S. 436 (1966), SPANO V. NEW YORK, 360 U.S. 315 (1959), KERR V. UNITED STATES, 426 U.S. 394, 48 L.Ed. 2d 725, 96 S.Ct. 2119 (1976); PEOPLE V. BROCAMP, 307 Ill. 448, 138 N.E. 728 (1923) "THE EXCLUSIONARY RULE WAS APPLICABLE IN ILLINOIS BEFORE MAPP V. OHIO 367 U.S. 643 (1961) SEE ALSO PEOPLE V. DALPE, 371 Ill. 607, 21 N.E. 756 (1939); CHICAGO V. LORD, 7 Ill. 2d 379, 130 N.E. 2d 504 (1955)". IN RE GAULT, 387 U.S. 1 (1967), PEOPLE V. MOSES, 11 Ill. 2d 84, 142 N.E. 2d 1 (1957), WONG SUN V. UNITED STATES, 371 U.S. 471, 9 L.Ed. 2d 441, 83 S.Ct. 407 (1963), AND 725 ILCS 5/114-10, 11, 12 OR 13 AT SEQ, ALSO SEE: WEEKS V. UNITED STATES, 232 U.S. 383 (1914), GOULD V. UNITED STATES, 255 U.S. 298 (1921) AND TERRY V. OHIO ("CITATIONS"). SALIM REQUESTS THE APPOINTMENT OF COUNSEL BY THIS HONORABLE COURT TO INVESTIGATE, PRESERVE, DISCOVER AND OBTAIN DISCOVERY SUCH AS "POLICE REPORTS, FIELD NOTES, MEMORANDA BUSINESS RECORDS, SCIENTIFIC EVIDENCE OR MEDICAL RECORDS OF DEFENDANTS AND OR "ROSI" CHILDREN, VIDEO TAPES, EXPERT WITNESS REPORTS OR EVIDENTIARY DATA, TANGIBLE THINGS WHICH WILL EXCULPATE SALIM, HIS BROTHER AHMED SALIM OR TEND TO NEGATE GUILT THEREOF TO PRESERVE AND PROTECT EVIDENCE AND CHAIN OF CUSTODY OF EVIDENCE RECORDS, NOTES, LOGS, MEMORANDA TO PREVENT EVIDENCE FROM BEING COMPROMISED OR TAINTED PRIOR TO TRIAL OR A HEARING OR AT ACTUAL TRIAL ITSELF. AND TO INVESTIGATE SALIM'S ALLEGATIONS TO PROTECT HIS RIGHT PURSUANT TO THE UNITED STATES CONSTITUTION AMENDMENTS 1, 4, 5, 6, 8 AND 14 & ART. IV., §2 CLAUSE ONE. ALSO ILL. CONST. OF 1970 AT ART. 1 § 1-24 OF THE STATE BILL OF RIGHTS ETC. AND BECAUSE AHSAN SALIM IS CURRENTLY A PRE-TRIAL DETAINEE AND IN CUSTODY AT THE DUPAGE COUNTY JAIL AND CANNOT HELP HIMSELF AT THIS PRESENT TIME DUE TO HIS INDIGENCY AND HIS INCARCERATION SALIM REQUESTS APPOINTMENT OF COUNSEL TO CONDUCT A INVESTIGATION OF HIS CLAIMS ABOVE, TO CONDUCT LIMITED DISCOVERY, AND TO INTERVIEW ALL WITNESSES OR RELEVANT WITNESSES RELEVANT TO MATERIAL FACTS HEREIN PRESENTED IN THE EVENT OF THE NEED TO FILE AN AMENDED COMPLAINT TO ADD ADDITIONAL PLAINTIFFS, DEFENDANTS & ALLEGATIONS ETC. AS THE ABOVE PRESENTS LEGALLY AND FACTUAL AS WELL AS COLORABLE AND MERITORIOUS ISSUES WHICH ARE TOO COMPLEX FOR SALIM TO LITIGATE HIMSELF AS HE DOES NOT HAVE THE WHEREWITHAL TO DO SO HIMSELF.

4.

(b) AHSAN SALIM, FURTHER REQUESTS THIS COURT TO ALLOW HIM TO RECEIVE AN INJUNCTION OR RESTRAINING ORDER OR BOTH TO BE LODGED AGAINST THE DEFENDANTS TO PREVENT THE VIOLATIONS OR FUTURE VIOLATIONS OF HIS STATE OR FEDERAL CONSTITUTIONAL RIGHTS OR HIS PROTECTED LIBERTY INTERESTS TO PROTECT HIM FROM RETALIATION, OR MALICIOUS OR VINDICTIVE PROSECUTIONS BY CHICAGO POLICE OFFICERS AND OR THE COOK COUNTY STATES ATTORNEY'S OFFICE OR THEIR AGENTS FROM CHARGING OR INDICTING BY COMPLAINT OR TRUE BILL GRAND JURY INDICTMENT, OR INFORMATION etc, FILING OR RECHARGING PLAINTIFF OR HIS BROTHER AHMED SALIM WITH ANY OFFENSE, REGARDING ABOVE ALLEGATIONS IN RETALIATION FOR FILING THIS COMPLAINT WITHOUT PROBABLE CAUSE AND SUBJECT TO PROTECTION OF A PRELIMINARY HEARING OR ANY OTHER HEARINGS PURSUANT TO A MOTION TO QUASH THE ARREST OR TO SUPPRESS EVIDENCE ILLEGALLY OBTAINED PURSUANT TO ABOVE CITED STATUTORY, CASELAW, OR CONSTITUTIONAL PROVISIONS HEREIN CITED BY PLAINTIFF ABOVE.

14. RELIEF REQUESTED: THE PLAINTIFF RESPECTFULLY REQUESTS AND PRAYS THAT THIS HONORABLE COURT WILL GRANT THE FOLLOWING RELIEF:

(a) WILL ALLOW HIM TO PROCEED AS A POOR PERSON AND ALLOW HIM TO BE APPOINTED COUNSEL PRO BONO PURSUANT TO 28 USC § 1915 TO REPRESENT HIM IN THIS CAUSE OF ACTION DUE TO HIS INCARCERATION AND INDIGENCY AND IN THE INTERESTS OF JUSTICE AS HE HAS A COLORABLE AND MERITORIOUS CAUSE OF ACTION AND CANNOT LITIGATE HIS CASE PROPERLY OR CONDUCT INVESTIGATIONS OR INTERVIEW WITNESSES WHO MAY POSSESS KNOWLEDGE OF ABOVE FACTS RELEVANT OR MATERIAL TO ABOVE CLAIMS.

(b) WILL ALLOW PLAINTIFF TO FILE THIS COMPLAINT WITHOUT REQUIRING HIM TO SEND EXTRA COPIES OF THIS COMPLAINT AS HE DOES NOT HAVE ACCESS TO FUNDS OR TO MEANS FOR DOING SO DUE TO HIS PRESENT INCARCERATION AT THE DUPAGE COUNTY JAIL.

(c) WILL ALLOW PLAINTIFF TO FILE AN AMENDED COMPLAINT THROUGH COUNSEL AFTER AN INVESTIGATION OF THE ABOVE ALLEGATIONS AND TO CONDUCT LIMITED DISCOVERY TO FIND OUT THE NAMES AND IDENTITIES OF THE JOHN AND JANE DOE DEFENDANTS AND TO PROTECT PLAINTIFF AND HIS OWN BROTHER AHMED SALIM FROM RETALIATION OR VINDICTIVE OR MALICIOUS ALLEGATIONS FOR FILING THIS ACTION AGAINST CHICAGO ILLINOIS POLICE OFFICERS BY VARIOUS STATE OR COUNTY OFFICIALS OR THEIR AGENTS TO PRESERVE AND PROTECT INTEGRITY OF EVIDENCE, AND CUSTODY OR CHAIN OF EVIDENCE FROM FABRICATION, TAINTS OR COMPROMISES OR FRUIT OF ILLEGALITY FROM BEING IMPERMISSIBLY ALLOWED TO UNBALANCE THE ADVERSARIAL OR JUDICIAL PROCESSES.

(d) WILL SEND PLAINTIFF AN APPLICATION TO PROCEED INFORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915 AS WELL AS CERTIFICATE FOR JAIL BOOKKEEPER TO SIGN AND TO AUTHORIZE VERIFICATION OF HIS AVAILABLE TRUST FUND AND JAIL ACCOUNT BALANCES FOR PERIOD OF HIS INCARCERATION WHICH HAS BEEN LESS THAN 6 MONTHS, AND WILL ALSO SEND PLAINTIFF A MOTION FOR APPOINTMENT OF COUNSEL.

(e) WILL ALLOW GRANT OF DEMAND FOR TRIAL BY A JURY AND THAT PLAINTIFF WILL BE ALLOWED TO RECEIVE PUNITIVE DAMAGES OR COMPENSATORY DAMAGES FOR PHYSICAL ILLEGAL ARREST SLANDER, DEFAMATION, AND SEIZURE OF HIS PERSON, AS WELL AS PSYCHOLOGICAL TRAUMA, DISCRIMINATORY POLICY, CUSTOM, PRACTICE AND PROCEDURES, RACIAL, GENDER AND CLASS DISCRIMINATION, CONSPIRACY TO DENY CIVIL RIGHTS AND TO OBSTRUCT JUSTICE AFTER A JURY TRIAL TO AWARD AN AMOUNT OF MONEY TO BE DECIDED AFTER JURY DELIBERATIONS HAVE BEEN CONDUCTED.

(f) WILL ALLOW GRANT OF INJUNCTIVE, DECLARATORY RELIEF AND A RESTRAINING ORDER TO BE ISSUED FOR REASONS ABOVE STATED.

5.

15. PROOF - CERTIFICATE OF SERVICE, DECLARATION AND VERIFICATION BY CERTIFICATION.

(a). I, SUSAN SALIM I.R. # 188876, A PRE-TRIAL detainee INCARCERATED AT THE DUPAGE COUNTY JAIL AT P.O. BOX 957 WHEATON, IL 60189-0957 #(630) 407-2000, depose and swear under penalty of perjury pursuant to 28 U.S.C. § 1746 THAT I AM THE PLAINTIFF AND DECLARANT IN THE INSTANT CAUSE OF ACTION, THAT I HAVE READ THIS DOCUMENT AND POSSESS KNOWLEDGE OF ITS CONTENTS AND THAT ALL STATEMENTS ABOVE ARE BOTH TRUE AND CORRECT IN SUBSTANCE AND IN FACT EXCEPT FOR ANY MATTER BASED UPON INFORMATION AND BELIEF AND AS TO SUCH MATTERS I AFFIRM, CERTIFY, declare, VERIFY BY CERTIFICATION THAT I VERILY BELIEVE SAME TO ALSO BE TRUE. I do NOT SUBMIT THIS document TO EMBARRASS OR HARRASS ANY PERSON OR PARTY TO THIS ACTION OR TO CAUSE DELAY IN ANY OTHER ACTION AND I BELIEVE IN GOOD FAITH THAT I HAVE A COLORABLE AND MERITORIOUS CAUSE OF ACTION. I HAVE MET REQUIREMENTS FOR FILING THIS ACTION PURSUANT TO ("PLRA" REQUIREMENTS OF 42 U.S.C. § 1997 e(a) AS I WAS NOT A PRISONER WHEN THE ABOVE VIOLATIONS OCCURRED.) PURSUANT TO BOOTH V. CHURNER, ("U.S.") I do NOT MEET A NEED TO HAVE TO PURSUE A PRISON ADMINISTRATIVE REMEDY.

(b) ON THIS 20th day OF JUNE, 2008 - I CAUSED THE ABOVE COMPLAINT AND SUPPORTING documents TO BE PLACED IN A PROPERLY ADDRESSED FIRST CLASS POSTAGE PRE-PAID ENVELOPE TO: THE CLERK OF THE U.S. DISTRICT COURT c/o PRISONER CORRESPONDENT AT 219 SOUTH DEARBORN ST. 20th FL. CHICAGO, IL 60604 AND deposited THAT ENVELOPE IN THE INSTITUTIONAL MAILBOX AT 2-X-04 AT THE DUPAGE COUNTY JAIL FOR delivery TO ABOVE CLERK VIA THE UNITED STATES POSTAL SERVICE.

DATE: 6-20-2008
      JUNE 20th, 2008

RESPECTFULLY SUBMITTED
SUSAN SALIM # 188876
DUPAGE COUNTY JAIL
c/o SHERIFF JOHN E. ZARUBA
P.O. BOX 957 WHEATON, ILLINOIS
60189-0957