Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3629 | **DATE** | July 21, 2008 |
| **CASE TITLE** | Ahsan Salim (#188876) v. City of Chicago | | |

**DOCKET ENTRY TEXT:**

To proceed with this case, plaintiff must: (1) either prepay the $350 filing fee or submit a completed application to proceed *in forma pauperis*, and (2) file an amended complaint in accordance with this order. Plaintiff's failure to comply with this order within 30 days will result in dismissal of this case without prejudice. The Chicago Police Department and "the Rosi family" are not suable parties and are dismissed as defendants. The clerk is directed to send an *in forma pauperis* application and an amended complaint form, along with a copy of this order, to plaintiff.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Ahsan Salim (#188876), an inmate at the DuPage County Jail, has filed this 42 U.S.C. §1983 suit against the City of Chicago, the Chicago Police Department, unknown Chicago police officers, and the "Rosi family." Plaintiff appears to allege that he was falsely arrested based upon allegations of child molestation by Rosi family members. Although the clerk has accepted the complaint pursuant to Fed. R. Civ. P. 5, plaintiff has neither paid the filing fee nor submitted an *in forma pauperis* application.

Under the Prison Litigation Reform Act ("PLRA"), an inmate must either prepay the $350 filing fee or seek leave to proceed *in forma pauperis* to file his complaint. If the inmate is unable to prepay the filing fee, the Court will assess an initial partial payment, and allow deductions from his prison or jail trust fund account as additional partial payments until the entire filing fee is paid. This Court requires that inmates seeking leave to file *in forma pauperis* file their motions on a prescribed form. Local Rule 3.3. The form requires inmates to obtain a certificate stating the amount of money they have on deposit in their prison or jail trust fund account. Inmates must also "submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint . . ., obtained from the appropriate official of each prison at which the [inmate] is or was confined." 28 U.S.C. § 1915(a)(2). These documents are necessary for the Court to determine whether plaintiff qualifies as a pauper and to assess an initial partial payment of the filing fee. If plaintiff wants to proceed with this action, he must either prepay the $350 filing fee or submit a completed *in forma pauperis* application on the enclosed form, and include a certificate from an authorized officer and a copy of his trust fund account showing all activity therein for the six-month period immediately preceding his filing of the instant suit.
(CONTINUED)

isk

## STATEMENT (continued)

Additionally, plaintiff's current complaint, as currently drafted, cannot proceed. The complaint is not on the proper form, names parties that are not suable defendants, and is unclear as to what claims are being alleged against each defendant. Local Rule 81.1 requires that inmates proceeding pro se file their civil rights suits on this Court's form. The clerk shall forward an amended complaint form to plaintiff. Additionally, the Chicago Police Department is not an entity separate from the city and is not a suable party. *Gray v. City of Chicago*, 159 F.Supp.2d 1086, 1089 (N.D. Ill. 2001). The Chicago Police Department is dismissed as a party to this suit. With respect to naming defendants whose identities are unknown, a plaintiff may refer to unknown defendants as John Doe or Jane Doe and name a supervisory official (such as the City of Chicago, which plaintiff has done) as a defendant for the purpose of conducting limited discovery to learn the defendants identities. *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980); *see also Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995). If plaintiff seeks to name the City of Chicago for this purpose, he should so indicate in his amended complaint. Similarly, "the Rosi family" is not a proper defendant, and plaintiff must name specific individuals in order to serve the complaint on them. Lastly, although plaintiff provides details of the events giving rise to this suit and his complaint indicates that he seeks to raise claims of false arrest, he should indicate the grounds supporting his claims against each defendant. Under the notice pleading requirement of Fed. R. Civ. P. 8, he need not plead extensive facts, *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004), but he must provide sufficient information to give each "defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)).

If plaintiff wants to proceed with this case, he must, within 30 days of the date of this order: (1) either pay the $350 filing fee or submit a completed *in forma pauperis* application, and (2) submit an amended complaint (including a judge's copy and a service copy for each defendant) that both names suable parties as defendants and sufficiently provides each defendant with notice of the claims being asserted against them. Failure to comply with this order within 30 days may be construed as plaintiff's desire not to proceed with this case and will result in dismissal of this action without prejudice. The clerk is directed to send to plaintiff an *in forma pauperis* application and an amended complaint form, along with a copy of this order.